UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


JASON E. MIZE,

      Plaintiff,

v.                                      3:03-cv-601


VIRGINIA LEWIS, et al.,

      Defendants.


**MEMORANDUM OPINION**


This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983; plaintiff is in the custody of the Tennessee Department of Correction (TDOC). He alleges the violation of his First Amendment right to freedom of religion, specifically his right to practice the Christian Identity Faith, and seeks monetary damages. The defendants are Howard Cook, the assistant commissioner of operations for TDOC; Virginia Lewis, the warden of the Southeastern Tennessee State Regional Correctional Facility; and Michael Allison and Eric Qualls, Security Threat Group Coordinators. The matter is before the court on several motions filed by the parties.

Plaintiff has filed a motion to compel discovery, in which he seeks production of documents, papers, memoranda, and TDOC policies on various topics. The court has reviewed plaintiff's requests, and the defendants' objections, as well as the extent to which the defendants have complied with plaintiff's requests, and finds the objections reasonable. The motion to compel discovery [Court File No. 50] will be **DENIED**.

Plaintiff has filed a motion for court order, in which he asks the court to order the defendants to obtain and provide to him the following materials: "the Hoskins Report," "The Spirit," "Issue #28 of the Prisoner Outreach Newsletter," "the book Israel, Our Duty, Our Dilemma," and "literature from the Church of Jesus Christ Christian." These are the materials that the prison would not allow plaintiff to receive, allegedly for security reasons, and which were returned to sender. Whether plaintiff should have been allowed to receive these materials is at the heart of his lawsuit, and remains to be resolved. Accordingly, his motion for court order [Court File No. 51] will be **DENIED**.

Plaintiff has filed a motion for summary judgment against defendants Allison and Qualls, on plaintiff's claim that these defendants would not allow him to mail letters to "Sister Wendy" at the "Church of Jesus Christ Christian of the Aryan Nations." The basis for the summary judgment motion is that the defendants admitted, in their answer to the amended complaint, that plaintiff was not allowed to mail letters to "Sister Wendy." According to the pleadings, prison policy prohibits inmates from mailing letters to security threat groups or organizations, such as the Aryan Nation.

Plaintiff also has filed a motion for summary judgment against defendant Cook, on the claim that the defendant has refused plaintiff's request that the TDOC recognize the Christian Identity Faith as a religion. According to the pleadings, the Christian Identity Faith has not been recognized as a religion because it is a white supremacist ideology. Plaintiff claims that, until the Christian Identity Faith is recognized by the TDOC as a religion, he cannot have his religious books, practice his holy days, or receive special meals.

Rule 56(c) of the FEDERAL RULES OF CIVIL PROCEDURE provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Prisoners have a First Amendment right to practice their religious beliefs. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). This right is not unlimited, however. All that is required under the First Amendment is that prisoners be provided "reasonable opportunities" to

3

practice their religion. *Id*. In addition, prison regulations may restrict an inmate's First

Amendment rights.

> "[A] prison inmate retains those First Amendment rights that are not
> inconsistent with his status as a prisoner or with the legitimate penological
> objectives of the corrections system. Thus, challenges to prison restrictions
> that are asserted to inhibit First Amendment interests must be analyzed in
> terms of the legitimate policies and goals of the corrections system, to whose
> custody and care the prisoner has been committed in accordance with due
> process of law."

 *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

When a prison regulation infringes upon an inmate's religious practices, "the

regulation is valid if it is reasonably related to legitimate penological interests." *Turner v.*

*Safley*, 482 U.S. 78, 89 (1987). As the Supreme Court has noted,

> [M]aintaining institutional security and preserving internal order and
> discipline are essential goals that may require limitation or retraction of the
> retained constitutional rights of both convicted prisoners and pretrial
> detainees. "[C]entral to all other corrections goals is the institutional
> consideration of internal security within the corrections facilities themselves."
> Prison officials must be free to take appropriate action to ensure the safety of
> inmates and corrections personnel and to prevent escape or unauthorized
> entry. Accordingly, we have held that even when an institutional restriction
> infringes a specific constitutional guarantee, such as the First Amendment, the
> practice must be evaluated in the light of the central objective of prison
> administration, safeguarding institutional security.

*Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979) (footnote omitted) (citations omitted) (quoting

*Pell v. Procunier*, 417 U.S. 817, 823 (1974)). Thus, "[p]rison administrators should be

accorded wide-ranging deference in the adoption and execution of policy and practices that

in their judgment are needed to preserve internal order and discipline and to maintain

institutional security." *Id.* at 547.

Based upon the foregoing, it is clear that plaintiff is not entitled to judgment as a matter of law on his claims. There remain issues of fact as to whether TDOC policies, and the enforcement of those policies, restrict plaintiff's right to practice his religion and, if so, whether the policies are valid. Plaintiff's motion for summary judgment against defendants Allison and Qualls [Court File No. 63] and his motion for summary judgment against defendant Cook [Court File No. 65] will be **DENIED**.

The defendants have filed a motion to take plaintiff's deposition. The defendants' earlier motion to take plaintiff's deposition [Court File No. 29] was granted by order entered March 5, 2004 [Court File No. 35]. Accordingly, the pending motion to take deposition [Court File No. 56] will be **DENIED** as **MOOT**. The defendants' motion for an extension of time to respond to summary judgment [Court File No. 66] will be **DENIED** as **MOOT**.

**AN APPROPRIATE ORDER WILL ENTER.**

                                        s/ Leon Jordan
                                United States District Judge

5